IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JERMARAE HERBERT,** : | |
| : | |
| **Plaintiff,** : | |
| VS. : | |
| : | CASE NO. 5:15-CV-270-MTT-MSH |
| **Commissioner HOMER BRYSON,** : | |
| *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Jermarae Herbert, a prisoner currently incarcerated at the Phillips State Prison in Buford, Georgia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). For the following reasons, the undersigned will permit Plaintiff to proceed *in forma pauperis*, and after reviewing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, will also permit Plaintiff's excessive force claims against Defendant Register and his medical deliberate indifference claims against Defendants Caldwell and Eddy to proceed for further factual development. The undersigned **RECOMMENDS**, however, that Plaintiff's claims against Defendants Bryson and Plaintiff's failure-to-protect and transfer claims against Defendant Caldwell be **DISMISSED without prejudice**.

## I. Motion to Proceed *in forma pauperis*

The Court has reviewed Plaintiff's motion to proceed *in forma pauperis* and, based on his submissions, finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. The Court will thus permit Plaintiff to proceed *in forma pauperis* and waives the initial partial payment required by 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350.00 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

## II. Preliminary Screening

### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his recast complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v.*

3

*Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

    B.    <u>Factual Allegations</u>

Plaintiff's claims stem from his transfer to Wilcox State Prison ("WSP") on November 18, 2014. Plaintiff alleges that when he arrived at WSP, he informed prison officials that he had previously been attacked by an officer at WSP and did not "feel safe" there. Compl. 7, ECF No. 1. Plaintiff alleges that despite knowing of this past assault, Defendant Caldwell took no action to place Plaintiff in county jail to await his court date or otherwise prevent Plaintiff from being housed at WSP. *Id.*

Plaintiff further alleges that Defendant Register, a CERT team officer, assaulted him during intake at WSP by "choking [Plaintiff] with almost all his force as if he were trying to rip off [Plaintiff's] head," and by "jack[ing Plaintiff] up by [his] neck" until he struggled "talk and yell." *Id.* at 8. Plaintiff contends he informed Defendants Caldwell and Eddy (a unit manager at the prison) of the attack, his injuries, and his need for medical treatment, but they took no action. *Id.* Plaintiff does not make any specific allegations against Defendant Bryson, the Commissioner of the Georgia Department of Corrections.

    C.    <u>Plaintiff's Claims</u>

        i.    *Excessive Force*

Plaintiff first contends that he was assaulted by Defendant Register. Force that is applied to a prisoner "maliciously and sadistically to cause harm" can violate the Eighth Amendment and give rise to claims under § 1983. *See, e.g., Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). At this stage, Plaintiff's allegations against Defendant

Register are sufficient to permit his Eighth Amendment claims to proceed for further factual development.

### ii. Failure to Provide Adequate Medical Care

Plaintiff next contends that Defendants Caldwell and Eddy failed to provide him adequate medical care for the injuries he suffered during the alleged assault. A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a claim under the Eighth Amendment. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). In this case, Plaintiff has alleged that his throat had been injured to the point where he had difficulty speaking, eating, or drinking for several days and that he was ultimately treated with antibiotics for redness, swelling, and enlargement of his throat and tonsils. Compl. 8-9. Plaintiff further alleges that he personally informed Defendants Caldwell and Eddy of his injuries and his need for medical care but neither Defendant took any action. Taking the Plaintiff's allegations as true, as the Court must at this stage of the litigation, the Court finds these claims must proceed for further factual development.

### iii. Failure to Transfer/Failure to Protect

Plaintiff may also be attempting to raise claims against Defendant Caldwell for placing Plaintiff in WSP, rather than the county jail or other alternative placement, despite knowing that Plaintiff had been attacked by a prison official when he was last incarcerated at WSP. Compl. 7. Any such claims should fail because Plaintiff has no constitutional right to be housed in a certain facility. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("The Constitution does not require that the State have more than

5

one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution."); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (per curiam).  Thus, Plaintiff cannot ground a constitutional claim on his allegations that Defendant Caldwell declined to transfer Plaintiff to a different prison.

On the other hand, prison officials can be liable under the Eighth Amendment if they act with deliberate indifference to an inmate's safety by failing to protect the inmate from an assault.  In the context of a failure-to-protect case, "deliberate indifference" means that the prison official "knows of and disregards an excessive risk to inmate health or safety[.]"  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference."  *Id.*; *see also Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam) (noting that a prison official must be aware of "specific facts" from which an inference of substantial risk of serious harm could be drawn).

Plaintiff has not alleged specific facts to show that Defendant Caldwell knew of any sort of particular risk posed to Plaintiff by Defendant Register.  Plaintiff therefore cannot show that Defendant Caldwell was subjectively aware of a substantial risk of serious harm to Plaintiff.  *Farmer*, 511 U.S. at 842-43; *see also Carter*, 352 F.3d at 1349-50 (holding that plaintiff failed to establish that prison officials had a subjective awareness of a substantial risk of serious physical threat to plaintiff in part because plaintiff did not allege that he had communicated a "particularized threat or fear" to the

6

prison officials); *McBride v. Rivers*, 170 F. App'x 648, 655 (11th Cir. 2006) (per curiam) (plaintiff's statement to prison officials that "me and that dude had problems. I'm in fear for my life. Don't put me in the cell with him" insufficient to show that prison officials had subjective knowledge that plaintiff's cellmate posed a risk of serious harm to plaintiff). Plaintiff has therefore failed to state an Eighth Amendment failure-to-protect claim against Defendant Caldwell.

Based on the foregoing, the undersigned **RECOMMENDS** that any claims regarding Defendant Caldwell's failure to transfer Plaintiff to a different prison or his failure to protect Plaintiff from Defendant Register's assault be **DISMISSED without prejudice.**

     iv. *Claims against Defendant Bryson*

As noted above, Plaintiff makes no specific allegations against Defendant Bryson. The dismissal of Defendant Bryson from this action would be appropriate for that reason alone. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation). To the extent Plaintiff seeks to hold Defendant Bryson liable in his supervisory capacity, however, such claims would also fail. Supervisors can only be held liable under § 1983 if they personally participated in the allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

7

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted). Plaintiff's Complaint does not allege that Defendant Bryson personally participated in any decision that violated Plaintiff's constitutional rights, had any customs or policies that implicated Plaintiff's constitutional rights, directed any of his subordinates to act unlawfully, or knew they were doing so and failed to stop them. *See Hendrix*, 535 F. App'x at 805. The undersigned therefore **RECOMMENDS** that the claims against Defendant Bryson be **DISMISSED without prejudice.**

### III. Conclusion

For the foregoing reasons, the undersigned will permit Plaintiff to proceed *in forma pauperis* and finds the excessive force claims against Defendant Register and the medical deliberate indifference claims against Defendants Caldwell and Eddy should proceed for further factual development. The undersigned **RECOMMENDS,** however, that Plaintiff's claims against Defendant Bryson and his claims against Defendant Caldwell regarding the prison transfer and/or failure to protect Plaintiff be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against the Defendants Register, Caldwell, and Eddy, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Federal Rule of Civil Procedure 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's

pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by

the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount

in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee. As noted above, the Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 9th day of December, 2015.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE