IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JERMARAE HERBERT, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | CASE NO. 5:15-CV-270-MTT-MSH |
| ANTONIO CALDWELL, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

## REPORT AND RECOMMENDATION

Presently pending before the Court are Defendants Caldwell and Eddy's motion to dismiss (ECF No. 25) and Plaintiff's motion for summary judgment (ECF No. 19). For the reasons explained below, it is recommended that Plaintiff's motion for summary judgment be denied with leave to refile and that Defendants' motion to dismiss be granted.

## BACKGROUND

Plaintiff's claims stem from his transfer to Wilcox State Prison on November 18, 2014. Plaintiff alleges that when he arrived at Wilcox State Prison, he informed prison officials that he had previously been attacked by an officer there and did not "feel safe." Compl. 7, ECF No. 1. Plaintiff alleges that despite knowing of this past assault, Defendant Caldwell took no action to place Plaintiff in county jail to await his court date or otherwise prevent Plaintiff from being housed at Wilcox. *Id.*

Plaintiff further alleges that Defendant Register, a CERT team officer, assaulted him during intake at Wilcox State Prison by "choking [Plaintiff] with almost all his force as if he were trying to rip off [Plaintiff's] head," and by "jack[ing Plaintiff] up by [his] neck"

until he struggled to "talk and yell." *Id.* at 8. Plaintiff contends he informed Defendants Caldwell and Eddy (a unit manager at the prison) of the attack, his injuries, and his need for medical treatment, but they took no action. *Id.*

After a preliminary review of his complaint, Plaintiff's claims for deliberate indifference to his serious medical needs were allowed to proceed against Defendants Caldwell and Eddy and his excessive force claim was allowed to proceed against Defendant Register. Order 1, Jan. 20, 2016, ECF No. 22. Prior to Defendants filing responsive pleadings, Plaintiff moved for summary judgment (ECF No. 19). Defendants Caldwell and Eddy then moved to dismiss for failure to exhaust. (ECF No. 25.) Defendant Register filed an answer (ECF No. 40), but moved to stay discovery pending the resolution of Defendants Caldwell and Eddy's motion to dismiss. That motion was granted and discovery was stayed. Defendants Caldwell and Eddy's motion to dismiss is ripe for resolution. Additionally, as is explained below, the Court recommends denying Plaintiff's motion for summary judgment at this time with leave to refile after discovery.

## DISCUSSION

### I. Motion to Dismiss

Defendants Caldwell and Eddy move to dismiss claiming, *inter alia*, that Plaintiff failed to exhaust his administrative remedies. Defs.' Mem. in Supp. of Mot. to Dismiss 3-7, ECF No. 25-1. Plaintiff responds that he fully exhausted through the filing of grievance number 185495. Pl's Aff. ¶¶ 1-5, ECF No. 32-1. He states that he explained the incident that occurred on November 18, 2014 in his grievance and that he need not use the terms "deliberate indifference" for his administrative remedies to be fully exhausted.

*Id.* ¶¶ 3-4. Because Plaintiff's complaint is subject to dismissal for failure to exhaust as explained below, the Court declines to address Defendants' remaining grounds for dismissal.

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject

3

to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendants move to dismiss for lack of exhaustion claiming that the Georgia Department of Corrections (GDOC) has a grievance procedure which applies to all inmates, but that Plaintiff failed to utilize this procedure regarding the claim for deliberate indifference to Plaintiff's serious medical needs. Defs.' Mem. in Supp. of Mot. to Dismiss 5-6. Specifically, Defendants state that Plaintiff filed a grievance complaining that Defendant Register choked Plaintiff, but did not file a grievance regarding his claimed lack of medical treatment after this alleged use of force. *Id.* Plaintiff responds that he filed a grievance that "clearly explained what had happen [sic] during intake on November 18, 2014 . . . along with a short summary in detail." Pl.'s Aff. ¶ 3. Plaintiff then admits that he did not receive a timely response to this grievance and that he could "consider the absence of a response to be a denial at that level." *Id.* ¶ 5. It is unclear from either the motion to dismiss or the response whether Plaintiff filed an appeal of this grievance. Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cnty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court can make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Court

makes the following factual findings and determines that Defendants have met their burden regarding Plaintiff's failure to exhaust.

Defendants provided the GDOC's Standard Operating Procedures (SOPs) regarding grievances which apply to Wilcox State Prison. Johnson Aff. ¶¶ 3-4 & Ex. 1, ECF No. 25-2. The SOPs mandate that an inmate must follow a two-step process in order to exhaust his remedies: (1) file an original grievance no later than ten days from the date of the incident giving rise to the grievance; and (2) file an appeal to the Central Office. *Id.* ¶ 10 & Ex. 1 at 7-12. Except for a limited number of non-grievable issues that do not apply in this case, an inmate "may file a grievance about any condition, policy, procedure, or action or lack thereof that affects the offender personally. *Id.* ¶ 8 & Ex. 1 at 5. A grievance may be referred to the Internal Investigations Unit for resolution. *Id.* Ex. 1 at 10-11. If a grievance is referred to internal investigations, that "is the final action that will be taken on the Grievance and terminates the grievance procedure. *Id.* Ex. 1 at 11. The inmate will be informed of the referral to internal investigations. *Id.*

Plaintiff filed one grievance at Wilcox State Prison after the alleged assault in November 2014. Johnson Aff. ¶ 21 & Ex. 2. In grievance 185495, Plaintiff complains that he told two officers that he should not be at Wilcox State Prison. *Id.* Ex. 3. These officers refused to allow Plaintiff to speak to the warden about his placement at Wilcox. *Id.* He was required to stay at Wilcox and was assaulted by Officer Register, who Plaintiff claims previously assaulted him at Wilcox State Prison. *Id.* Ex. 3. Plaintiff filed grievance 185495 on November 20, 2014. *Id.*

On November 21, 2014, Plaintiff's grievance was referred to the Internal

Investigations Unit. Johnson Aff. Ex. 3. The notice of referral states that it "serves as the formal response to your grievance and effectively closes your grievance. The decision to forward your grievance to the Internal Investigation Unit and close your grievance is not appealable." *Id.* This notice is consistent with the SOPs regarding referral to internal investigations. Consequently, grievance 185495 is fully exhausted. *See, e.g., Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules[.]").

Plaintiff asserts that this ends the inquiry and Defendants' motion to dismiss should be denied. Pl.'s Aff. ¶¶ 3-4. Plaintiff has exhausted his administrative remedies regarding his claim for excessive force against Officer Register; however, Defendants Eddy and Caldwell claim that grievance 185495 fails to address the deliberate indifference claims against them such that Plaintiff's claims must be dismissed for failure to exhaust. Defendants are correct.

Plaintiff complains in grievance 185495 that he should not have been placed at Wilcox State Prison and that he was assaulted by Officer Register. While "exhaustion does not necessarily require an inmate to file a new grievance for each harmful incident in a string of related occurrences," it does require that the grievance "provide[] the institution with notice of a problem such that they have an opportunity to address the problem internally." *Toennings v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015). Plaintiff claims that Defendants Caldwell and Eddy came to his cell the day after the alleged assault, looked into Plaintiff's cell, and then walked off without providing any

6

treatment for his injuries. Compl. 8. These allegations have been construed as claims that Defendants Eddy and Caldwell were deliberately indifferent to Plaintiff's serious medical needs. Grievance 185495 does not contain any information regarding Plaintiff's medical care, injuries, or lack of treatment. It thus fails to provide Wilcox State Prison with notice that Plaintiff did not receive proper medical care after the alleged assault, and Plaintiff has failed to exhaust the deliberate indifferent claims against Defendants Eddy and Caldwell. It is recommended that Defendants' motion to dismiss be granted and these claims be dismissed for failure to exhaust.

## II.     Motion for Summary Judgment

### A.     Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

### B.     Plaintiff's Motion for Summary Judgment

Plaintiff filed a motion for summary judgment prior to any party conducting discovery (ECF No. 19). This motion does not comply with the local rules because it does

7

not include a separate statement of material facts. M.D. Loc. R. 56. Furthermore, the Court should not rule on a motion for summary judgment prior to the parties having an opportunity for meaningful discovery. *See, e.g, Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition."). It is consequently recommended that Plaintiff's motion be denied with leave to refile as to Defendant Register after the close of discovery.

## CONCLUSION

For the reasons explained above, it is recommended that Defendants Eddy and Caldwell's motion to dismiss (ECF No. 25) be granted and Plaintiff's motion for summary judgment (ECF No. 19) be denied with leave to refile. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 28th day of April, 2016.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE