# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JERMARAE HERBERT, | : |
| Plaintiff, | : |
| VS. | : |
| | : CASE NO. 5:15-CV-270-MTT-MSH |
| ANTONIO CALDWELL, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendant Charles Register's Motion for Partial Summary Judgment (ECF No. 49). For the reasons stated below, it is recommended that Defendant's motion be denied.

## BACKGROUND

The following are the uncontested facts of this case: Defendant Register, a CERT Officer, was present in the prisoner intake area when Plaintiff arrived at Wilcox State Prison (WSP) on November 18, 2014. Compl. 7, ECF No. 1; Def.'s Answer 4, ECF No. 40. A WSP nurse examined Plaintiff on November 20, 2014 after Plaintiff alleged that he suffered throat pain from Defendant choking him during intake at WSP, and the nurse found "no visible injury" on Plaintiff. Reitman Aff. Ex. A at 2, ECF No. 49-5; Pl.'s Resp. to Def.'s Mot. for Summ. J. 3, ECF No. 51. On November 21, 2014, Plaintiff filed grievance 185495 which alleged that he had been "choked out" by Defendant during intake. Compl. 9; Def.'s Answer 3; Pl.'s Resp. to Defs.' Mot. to Dismiss Ex. 1, ECF No. 32-1. On December 2, 2014, Plaintiff underwent a medical evaluation at Telfair State

Prison (TSP) after being temporarily transferred there. Reitman Aff. Ex. B at 1, ECF No. 49-6; Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. B1 at 4, ECF No. 51-2. Plaintiff again alleged that he was choked by Defendant, but the TSP medical staff noted "no distress." Reitman Aff. Ex. B at 1; Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. B1 at 4. On December 11, 2014, TSP medical staff evaluated Plaintiff a second time. Reitman Aff. Ex. C at 1, ECF No. 49-7; Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. B1 at 5. During this evaluation, medical staff found that Plaintiff's "throat feels swollen" with "enlarged tonsils, red, no pus packets." Reitman Aff. Ex. C at 1; Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. B1 at 5. As a result, TSP medical staff prescribed Plaintiff amoxicillin, Claritin, and Vasotec. Reitman Aff. Ex. C at 1; Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. B1 at 5.

Plaintiff alleges that during his intake at WSP, Defendant choked Plaintiff without provocation, causing injuries to his neck and throat and resulting in Plaintiff's claims against multiple WSP officials. Compl. 7-9. At this stage in the proceedings, only Plaintiff's Eighth Amendment claim for excessive force against Defendant remains. Defendant now moves for partial summary judgment, claiming that Plaintiff may not recover compensatory or punitive damages because Plaintiff did not sustain a physical injury beyond the *de minimis* threshold as a result of Defendant's alleged actions. Def.'s Mem. in Supp. of Mot. for Summ. J. 4-5, ECF No. 49.

## DISCUSSION

I. **Summary Judgment Standard**

Summary judgment may be granted only "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## II. Contested Facts

Plaintiff contends that on November 18, 2014, while he and a small number of other inmates were being searched in a small room during intake at WSP, prison officers, including Defendant, instructed the inmates to remain facing a wall. Compl. 7. Plaintiff alleges that during this time, Defendant "yelled and used profanity" while maintaining "an evil expression." *Id.* During the search, Plaintiff alleges that Defendant decided to "make an example out of" Plaintiff. *Id.* Plaintiff claims that Defendant stood face-to-face with Plaintiff between Plaintiff and the wall he had initially been facing and stated "boy I told you to keep your eyes on the wall." *Id.* Plaintiff contends that Defendant then "placed both of his hands around [Plaintiff's] neck and began choking [Plaintiff]" and "jacked [Plaintiff] up by [the] neck" until other officers intervened. *Id.* at 8. Plaintiff contends that he was immediately afterward confined alone in a different building at WSP. *Id.* While confined there, Plaintiff states that he suffered pain in his throat as a result of the incident during intake such that he "couldn't swallow at all" and had

difficulty drinking and eating food. *Id.* at 8-9. Plaintiff avers that the medical staff failed to "take any physical examination of neck area" during his requested evaluation on November 20, 2014. Pl.'s Resp. to Def.'s Mot. for Summ. J. 3. On November 26, 2014, Plaintiff requested a second medical evaluation from WSP due to continued throat pain and difficulty swallowing, but this request was denied. Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. B at 2, ECF No. 51-2. Plaintiff also claims that TSP medical staff noticed swelling and bruising on his neck when examining him on December 2, 2014, but failed to note this on the examination record. Pl.'s Resp. to Def.'s Mot. for Summ. J. 3-4.

Defendant denies that he choked Plaintiff or had any contact with Plaintiff on November 18, 2014 other than being present in the WSP intake area when Plaintiff arrived. Def.'s Answer 4. After filing grievance 185495 against Defendant as a result of this alleged incident and undergoing at least three medical evaluations at WSP and TSP, Plaintiff was eventually diagnosed with a swollen throat and tonsils on December 11, 2014. *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. 2-4 & Ex. B1 at 2. Plaintiff claims that these conditions are injuries resulting from Defendant's alleged actions during intake at WSP. *Id.* at 3-4. Defendant denies that he is responsible for any alleged injury to Plaintiff. Answer 4.

### III. Defendant's Motion for Summary Judgment

Defendant moves for partial summary judgment, claiming that Plaintiff cannot recover compensatory or punitive damages. Defendant argues that Plaintiff did not suffer an injury beyond the *de minimis* threshold even if the Court assumes Plaintiff's claim that his swollen throat and tonsils were the result of Defendant choking Plaintiff. Def.'s

Mem. in Supp. of Mot. for Summ. J. 4. If Plaintiff's injuries are *de minimis*, Plaintiff's recovery would thus be limited to nominal damages. *See, e.g., Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) ("[A]n incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury.").

The uncontested evidence submitted in this case supports Plaintiff's assertion that he had a badly swollen throat and tonsils. Reitman Aff. Ex. C at 1; Pl.'s Resp. to Def.'s Mot. for Summ. J. Ex. B1 at 5. Courts in the Eleventh Circuit have found injuries such as chest pain, headache, difficulty breathing, and scrapes to constitute *de minimis* injuries. *See Quilan v. Personal Trans. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (holding an inmate's alleged temporary chest pain, headache, and difficulty breathing were *de minimis* injuries); *West v. Temple*, No. 5:14-CV-86, 2015 WL 757650, at *2 (M.D. Ga. Feb. 23, 2015) (holding that badly scraped elbows and fingers are *de minimis* injuries); *Hall v. Plumber Official*, No. 10-20814, 2011 WL 1979721, at *14 (S.D. Fla. Apr. 26, 2011) (holding that the allegation of chest pain, among other injuries, did not constitute an injury greater than *de minimis*).

Here, Plaintiff's throat was badly swollen and required a physician to prescribe three different medications in order to treat the condition. Reitman Aff. Ex. C at 1. This sort of injury is distinct from those the Eleventh Circuit has held to be *de minimis*. At this time, the Court cannot make a factual determination as to whether this condition was caused by Defendant's alleged actions based on the available medical evidence.

Based on Plaintiff's version of the facts, Plaintiff's throat was injured badly

5

enough to require medical treatment more than twenty days after the alleged incident which caused the injury. Plaintiff states that medical staff at WSP did not initially examine his throat at all. Pl.'s Resp. to Def.'s Mot. for Summ. J. 3, Ex. A at 1, Exs. B, B1. Plaintiff also avers that TSP medical staff noticed both bruising and swelling when examining Plaintiff on December 2, 2014, but failed to note the conditions. *Id.* at 3-4. These statements support the reasonable inference that Plaintiff's injury was not noticed before the December 11, 2014 medical evaluation, but was still severe enough to require treatment at that time. Assuming Plaintiff's injury was caused by Defendant choking Plaintiff during intake, Plaintiff has suffered an injury beyond the *de minimis* threshold.[1] It is thus recommended that Defendant's motion for partial summary judgment be denied.

## CONCLUSION

For the reasons stated above, it is recommended that Defendant's motion for partial summary judgment (ECF No. 49) be denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a

---

[1] The Court makes no finding that this injury was caused by Defendant. That is a question of fact that should be answered by a jury at trial.

report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

    SO RECOMMENDED, this 7th day of June, 2017.

                                      S/ Stephen Hyles
                                      UNITED STATES MAGISTRATE JUDGE