# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JERMARAE HERBERT, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-270 (MTT) |
| Commissioner HOMER BRYSON, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Defendant Register moves for partial summary judgment, asserting that Plaintiff Herbert's recovery of compensatory damages for an alleged throat injury caused by Register's chokehold is barred by the PLRA because there is no genuine issue of material fact that the injury was more than *de minimis*. Doc. 49. According to Register, Herbert's claim must be *de minimis* because "two [days] after the alleged use of force, . . . [a] Registered Nurse noted no injuries anywhere on his body and further observed that there was 'no visible injury.'" Doc. 54 at 1; *see also* Doc. 49-1 at 1-2.

Magistrate Judge Stephen Hyles disagreed, and recommends denying the motion because three weeks after the incident, "Plaintiff's throat was badly swollen and required a physician to prescribe three different medications in order to treat the condition." Doc. 53 at 4. The Magistrate Judge interpreted Register's motion to argue that "Plaintiff did not suffer an injury beyond the *de minimis* threshold even if the Court assumes Plaintiff's claim that his swollen throat and tonsils were the result of Defendant choking Plaintiff." *Id*. at 4. The Magistrate Judge, also assuming a causal link between this injury and Register's chokehold for the purposes of ruling on the summary judgment motion, concluded that Herbert's injuries were more than *de minimis*. *Id*. at 6 & n.1.

Register objects. Doc. 54. Register's objection does not challenge the Magistrate Judge's reading of his motion—that "Plaintiff did not suffer an injury beyond the *de minimis* threshold even if the Court assumes Plaintiff's claim that his swollen throat and tonsils were the result of Defendant choking Plaintiff." *See id.* at 1-2. Rather, Register argues that "a finding that the Plaintiff had 'enlarged tonsils' and was prescribed an antibiotic approximately three weeks after the alleged incident of November 18, 2014 does not mean that the Plaintiffs throat was 'badly swollen' or more than a *de minimus* [sic] injury." *Id.* at 2. The Court disagrees with Register on this point. Register seems to miss the Magistrate Judge's point—if Herbert still had swollen tonsils three weeks after the chokehold, there is evidence that the chokehold caused a more than *de minimis* injury at that time. Register's emphasis that Herbert was without visible injury two days after the incident has no bearing on the issue. This consideration may support an entirely unrelated argument—that Herbert's swollen tonsils were unrelated to the alleged chokehold. But Register did not move on that basis.[1]

The Court has considered Register's objection, but after a de novo review of the Recommendation, accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Register's motion (Doc. 49) is **DENIED**.

**SO ORDERED,** this 5th day of July, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Even if Register had made this argument, it seems unlikely to warrant summary judgment. As noted by the Magistrate Judge, Herbert avers that the medical staff failed to make any examination of his neck during the initial examination, but in the second examination noticed "swelling and bruising on his neck . . . , [though failing] to note this on the examination record." Doc. 53 at 4, 6. Herbert's latter two examinations occurred at a different institution than the institution where he was allegedly injured. Doc. 49-1 at 2 & n.2. Accordingly, there appears to be a genuine issue of fact regarding the causal connection between the chokehold and Herbert's swollen tonsils three weeks later.