IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| JERMARAE HERBERT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL ACTION NO. 5:15-CV-270 (MTT) |
|  | ) |  |
| CHARLES REGISTER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Plaintiff Jermarae Herbert has moved for the appointment of counsel. Doc. 61. For the following reasons, the motion is **DENIED**.

"Appointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id.* (citation omitted); *see also Smith v. Fla. Dep't Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citation omitted) ("[W]hether such circumstances exist is committed to the district court's discretion."). In exercising its discretion regarding whether to appoint counsel for an indigent party, the district court considers factors such as the complexity of the facts and legal claims. *See Bass v. Perin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (holding that the district court did not abuse its discretion in refusing to appoint counsel in a § 1983 case with undisputed core facts and straightforward legal claims).

The Plaintiff argues that he needs appointed counsel because (1) he is unable to afford counsel; (2) the issues involved in this case are complex; (3) he, "as a segregation inmate, has extremely limited access to the law library;" and (4) he has limited knowledge of the law. Doc. 61 at 1. But, as the record reveals, even if the Plaintiff cannot afford counsel, his § 1983 claim is rather straightforward. Specifically, the Plaintiff alleges that Defendant Charles Register used unconstitutional excessive force against the Plaintiff by placing his hands around the Plaintiff's neck and choking him "with almost all his force" while the Plaintiff was incarcerated. Doc. 1 at 7-8; *see generally* Docs. 22; 46; 55 (dismissing all claims except for the Plaintiff's Eighth Amendment claim against Defendant Register). It is clear that the Plaintiff's § 1983 claim is neither factually nor legally complex. Accordingly, the Plaintiff has not established the "exceptional circumstances" necessary to merit appointment of counsel. *See Wahl*, 773 F.2d at 1174 (finding no exceptional circumstances where essential facts and legal issues were clear); *cf. Smith*, 713 F.3d at 1065 (holding that factors such as (1) the presence of allegations not personally experienced by the plaintiff, (2) discovery issues and suspect conduct of the defendants, and (3) security concerns complicating the plaintiff's ability to interview other inmates, "in the aggregate," presented exceptional circumstances necessitating the appointment of counsel).

Moreover, with regard to his argument that he has limited access to a law library, this limitation does not establish an exceptional circumstance because, even without having access, the Plaintiff has shown that he can still set forth the essential merits of his position. *See Delgiudice v. Primus*, 679 F. App'x. 944, 947 (11th Cir. 2017) (citation omitted) (rejecting the prisoner's argument that he needed counsel because of his

limited access to a law library in a § 1983 action when the record reflected that he could "still set forth the essential merits of his position").

Accordingly, the Plaintiff's motion to appoint counsel (Doc. 61) is **DENIED**.

**SO ORDERED**, this 12th day of January, 2018.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT